[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13631
Non-Argument Calendar

_____

D. C. Docket No. 01-00200-CR-CB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERVIN BERNARD EARL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(March 13, 2007)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Ervin Bernard Earl appeals his 24-month sentence imposed after the

revocation of his supervised release. Earl argues that the district court erred in finding he violated the terms of his supervised release because it lacked credible evidence to support its finding that he shot Eddie Savage. Earl also argues that the district court imposed an unreasonable sentence by failing to consider the 18 U.S.C § 3553(a) factors. After reviewing the parties' arguments and the record, we affirm.

## I. Background

On February 23, 2006, Earl began serving three years of supervised release for a conviction for possession of an unregistered firearm. Among other things, the conditions of his release included that he neither (1) commit another crime, (2) illegally possess a controlled substance, nor (3) possess a firearm. On May 24, 2006, his probation officer filed a petition to revoke Earl's supervised release, alleging the violation of seven conditions. Following a revocation hearing, the district court found by an "overwhelming preponderance" that Earl had violated the conditions of his release by shooting Savage and testing positive for narcotics and alcohol. The district court noted that the statutory maximum was 24 months' imprisonment and the guideline range was 12 to 18 months. The government requested the statutory maximum, arguing that Earl shot Savage in retaliation, caused bodily injury, and violated all the conditions alleged in probation's petition.

2

Earl offered no specific objections, he only submitted that "we respectfully disagree." Counsel however did attack Savage's credibility and argue for a sentence within the guidelines. The district court stated that a guideline sentence was insufficient and sentenced Earl to the statutory maximum, 24 months.

## II. Standards of Review

"A district court's revocation of supervised release is reviewed under an abuse of discretion standard." *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). However, we review for plain error those issues in which timely objections were not made in the district court. *United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). We review the district court's decision to exceed the advisory sentencing range in Chapter 7 of the Sentencing Guidelines for an abuse of discretion. *United States v. Silva*, 443 F.3d 795, 798 (11th Cir. 2006)(per curiam). We review the sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006)(per curiam).

## III. Discussion

Earl argues that the government failed to prove his violation of release conditions by a preponderance of evidence. Under 18 U.S.C. § 3583(e) , the court may revoke supervised release if the court "finds by a preponderance of the

evidence that the defendant violated a condition of [his] supervised release." 18 U.S.C. § 3583(e)(3). The district court found that Earl violated his conditions by shooting Savage and using illicit drugs. The district court heard three witnesses, including Savage, link Earl to Savage's shooting. Earl now argues that one witness presented unreliable hearsay, however he did not object on this basis at the district court. Although the Federal Rules of Evidence do not apply in supervised release revocation proceedings, defendants are entitled to certain minimal due process requirements, including the right to confront and cross-examine adverse witnesses. *Frazier*, 26 F.3d at 114. To admit hearsay, the district court must engage in a balancing test, and find that the hearsay is reliable. *Id.* In the present case, even assuming the district court erred by admitting hearsay, such an error was harmless. The government produced two other witnesses that linked Earl to Savage's shooting. Furthermore, the government also presented uncontested urinalysis test results to demonstrate Earl's repeated use of narcotics in violation of his release conditions, and the district court could revoke Earl's supervised release for violating any one condition. Thus, the district court did not abuse its discretion by revoking Earl's supervised release.

Next, Earl argues that the district court's sentence was unreasonable because it failed to consider the § 3553(a) factors. He further argues that the record

4

demonstrates a sentence outside the guideline range was unreasonable. Reasonableness review is deferential, and Earl bears the burden of establishing the sentence is unreasonable in light of both the record and the § 3553(a) factors. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005)(per curiam). While the district was required to consider the § 3553(a) factors, it is not required to discuss them on the record. *See United States v. Scott,* 426 F.3d 1324, 1329 (11th Cir. 2005). The district court did state that it considered the guideline range inadequate to impose punishment because of the "degree of danger and risk involved." It also discussed the nature of the violation, and stated the correct guideline range and statutory maximum. In addition, it heard the government arguments regarding the seriousness of the offense. So although the district court did not explicitly discuss each factor, the record does demonstrate a consideration of them.

Furthermore, "[w]e have consistently held that the policy statements of chapter 7 are merely advisory. . . " *Silva*, 443 F.3d at 799. These policy statements include the recommended ranges of imprisonment applicable upon revocation. *See* U.S.S.G. § 7B1.4. "It is enough that there is some indication that the district court was aware of and considered them." *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000)(per curiam). Here the district court stated the guideline range and gave reasons for rejecting it. Thus, given the violent and

5

dangerous manner in which Earl violated his release and the evidence of multiple violations, the district court did not abuse its discretion in exceeding the guideline range and Earl has failed to establish that a 24-month sentence is unreasonable.

The district court did not abuse its discretion in revoking Earl's supervised release or in exceeding the guideline range. Furthermore, the district court imposed a reasonable sentence. Accordingly, we affirm.

**AFFIRMED.**